LAWRENCE G. TOWNSEND (SBN 88184)
LAW OFFICES OF LAWRENCE G. TOWNSEND
455 Market Street, 19th Floor
San Francisco, California 94105
Telephone: (415) 882-3288
Facsimile: (415) 882-3299
Email: ltownsend@owe.com

Attorneys for Plaintiff
RISE BASKETBALL SKILL DEVELOPMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RISE BASKETBALL SKILL DEVELOPMENT, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> K MART CORPORATION, a Michigan corporation, and RISEWEAR, LLC, a Texas limited liability company, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:** <br> **(1) Federal Trademark Infringement** <br> **(2) Common Law Trademark Infringement** <br> **(3) Federal False Designation of Origin and Unfair Competition;** <br> **(4) California Statutory Unfair Competition; and** <br> **(5) Common Law Unfair Competition** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Rise Basketball Skill Development, LLC, for its complaint against Defendants K Mart Corporation and Risewear, LLC alleges as follows:

**NATURE OF THE ACTION**

1. This is an action to redress trademark infringement, false designation of origin and unfair competition in violation of federal trademark law, 15 U.S.C. §1114 et seq, unfair and fraudulent business practices, statutory unfair competition, and common law unfair competition under California state law, as the result of willful and unauthorized use by Defendants of Plaintiff's federally registered and common law trademarks, as more fully set forth hereinafter. Plaintiff seeks injunctive relief restraining infringement by Defendants of Plaintiff's trademarks,

1

Complaint; Demand For Jury Trial; Case No.

1  damages as the direct and proximate result thereof, and related relief.

## THE PARTIES

2. Plaintiff Rise Basketball Skill Development, LLC, is a limited liability company organized under the laws of the state of California, with business location in San Leandro, California, in this judicial district. Plaintiff is in the business of training and developing basketball athletes as well as selling to the public through an online retail store selling RISE athletic wear for basketball.

3. Upon information and belief, Defendant K Mart Corporation is a corporation existing under the laws of Michigan ("Kmart"). Kmart is a national retailer with stores in this judicial district that advertises into and distributes and sells the described infringing products into this judicial district.

4. Upon information and belief, Defendant Risewear, LLC, is a limited liability company existing under the laws of Texas ("Risewear"). Risewear is an athletic apparel company that advertises into and causes to be sold or distributed the described infringing products into this judicial district.

5. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, partner, joint venture, alter-ego and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliate, officer, director, manager, principal, partner, joint venture, alter-ego and/or employment relationship and actively participated in, profited from or subsequently ratified and adopted, the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of the violations of Plaintiff's rights and damages to Plaintiff proximately caused thereby.

## JURISDICTION AND VENUE

6. The Court has original jurisdiction of the subject matter of each of the claims herein as follows:

7. Trademark infringement and false designation of origin and false description or

2

1  representation in violation of 15 U.S.C. §1125(a), with original jurisdiction vested in this Court
2  by virtue of 28 U.S.C. §§1331 and 1338.

3      8.    Statutory unfair competition arising under California Business and Professions
4  Code §17200 *et seq.*, with supplemental jurisdiction vested in this Court by virtue of 28 U.S.C.
5  §§1338(b) and 1367.

## VENUE

    9.    Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the trademark infringement and unfair competition complained of herein, including harm to Plaintiff, has occurred and is occurring in this judicial district.

## INTRADISTRICT ASSIGNMENT

    10.    Intradistrict assignment on a district-wide basis is appropriate under Civil Local Rule 3-2(c) because this is an Intellectual Property Action.

## ALLEGATIONS COMMON TO ALL COUNTS

    11.    At least as early as 2010 Plaintiff began using the mark RISE on its athletic wear for basketball that it sold to the public in commerce, and in connection with its basketball training services (the RISE Mark").

    12.    Plaintiff holds federal registrations for the RISE Mark as follows:

    a)    **RISE Basketball Apparel (and design)**, U.S. Registration No. 4,765,328, with a filing date of January 19, 2014 and issued on June 30, 2015, for clothing in International Class 25, covering hats, t-shirts, socks, jerseys, sweatshirts, beanies, headbands, pants, jeans, jackets, basketball shorts, shorts, tank tops, and shooting skirts;

    b)    **RISE BASKETBALL APPAREL**, U.S. Registration No. 4,594,702, with a filing date of December 19, 2013 and issued on August 26, 2014, for clothing in International Class 25, covering padded elbow compression sleeves being part of an athletic garment; Hats; Headwear; Jerseys; Shoes; Shorts; Socks; Sweaters; T-shirts.

13. In or about 2010, Plaintiff began promoting its Rise basketball training and development services under the tagline and mark ELEVATE YOUR GAME ("ELEVATE Mark").

14. On information and belief, sometime shortly prior to Spring 2016, Defendant Risewear licensed to Defendant Kmart the alleged right to use the RISE Mark on basketball shoes ("the infringing RISE Mark"). On information and belief, Defendant Kmart began selling such RISE-branded basketball shoes in its stores nationally, including in this judicial district, in late Spring of 2016. On information and belief, Defendant Risewear intends to sell or has already sold "athleisure" wear, similar to Plaintiff's RISE-branded clothing, under the infringing RISE Mark through Defendant Kmart and other channels. Defendants also began promoting their infringing merchandise under the tagline ELEVATE YOUR GAME ("the infringing ELEVATE Mark").

15. On or about August 9, 2016, Plaintiff made demand of Defendants to cease and desist infringing the RISE Mark, but Defendants have refused.

16. Unless restrained, Defendants' sales under the infringing RISE Mark will cause irreparable harm to Plaintiff.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT
## 15. U.S.C. §1114

17. Paragraphs 1-16 are incorporated by reference as though set forth in their entirety herein.

18. Pursuant to 15 U.S.C. §§1115(b) and 1065, Plaintiff's U.S. federal registration of the RISE Mark (Reg. No. 4,765,328) serves as evidence of the validity of the registered mark and of the registration of the marks, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive nationwide right to use the registered mark in commerce.

19. The RISE Mark is distinctive on clothing as designations of source for Plaintiff,

20. In violation of 15 U.S.C. §1114 and Plaintiff's superior rights, Defendants,

4

without Plaintiff's authorization, used and are currently using the confusingly similar mark RISE on their basketball shoes constituting use in commerce.

21. Defendants' infringing RISE Mark is being used in connection with the sale, offering for sale, distribution, advertising and promotion of Defendants' basketball shoes wherein such use is likely to cause confusion, or to cause mistake, or to deceive.

22. Defendants adopted their infringing RISE Mark with willful intent to trade on the fame and reputation, or to cause confusion, or to cause mistake, or to deceive consumers with respect to, the RISE Mark, or with reckless disregard for the harm their use would cause to the RISE Mark.

23. Defendants' unauthorized use of the infringing RISE Mark constitutes infringement of Plaintiff's RISE Mark. Defendants' use of the infringing RISE Mark constitutes a misappropriate of Plaintiff's goodwill in the RISE Mark, wherein Defendants are knowingly using the goodwill established by Plaintiff's RISE Mark to promote and sell Defendants' basketball shoes.

24. Defendants' acts of infringement have caused and are causing great and irreparable injury to Plaintiff and to the RISE Mark and goodwill represented thereby, in an amount that cannot be ascertained at this time. Unless this infringement is restrained, Defendants' use will cause further irreparable harm leaving Plaintiff with no adequate remedy at law.

25. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, restraining further action and infringement, and to Defendants' profits and to Plaintiff's damages proved to have been caused by reason of Defendants' infringement of the RISE Mark. Plaintiff is also entitled to the costs of the action, including attorneys' fees.

## SECOND CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

26. Plaintiff incorporates the allegations and averments of paragraphs 1 through 25 above, as though fully set forth herein.

27. Defendants have infringed Plaintiff's RISE Mark and the ELEVATE Mark by their acts as herein above alleged. Said uses of the infringing RISE Mark are made without permission or authority of Plaintiff and said use by Defendants is likely to cause confusion, to cause mistake, and to deceive.

28. Defendants' acts of trademark infringement have been committed with intent to cause confusion, mistake, and to deceive, or with reckless disregard for the harm their acts would cause to Plaintiff's RISE Mark.

29. Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff is entitled to an accounting of Defendants' profits as well as enhanced remedies as provided by law for Defendants' willful conduct.

30. By engaging in the conduct as herein above alleged, Defendants have acted willfully, maliciously, oppressively and fraudulently, and Plaintiff is therefore entitled to punitive damages in an amount according to proof.

## THIRD CLAIM FOR RELIEF

## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## 15 U.S. C. §1125(a)

31. Plaintiff incorporates the allegations and averments of paragraphs 1 through 30 above, as though fully set forth herein.

32. Defendants' unauthorized use of a mark virtually identical to Plaintiff's RISE Mark and the identical infringing ELEVATE Mark has a tendency to deceive or confuse customers into believing that Defendants' goods and/or services are affiliated with Plaintiff, are sponsored or approved by Plaintiff, or are otherwise associated with or authorized by Plaintiff, in violation of 15 U.S.C. §1125(a)(1)(A). Such conduct on the part of Defendants comprises willful intent on the part of the Defendants to trade on the Plaintiff's fame and reputation.

33. Defendants' acts of unfair competition and false advertising have caused and are causing great and irreparable injury to Plaintiff's RISE Mark and the ELEVATE Mark and to the goods and services and goodwill represented thereby, in an amount that cannot be ascertained at

this time, and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

34. By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, restraining further acts of unfair competition, false designation of origin, and false advertising, and to recover attorneys' fees and any damages proven to have been caused by reason of Defendants' aforesaid acts of unfair competition and false designation of origin.

## FOURTH CLAIM FOR RELIEF

## CALIFORNIA STATUTORY UNFAIR COMPETITION

**California Bus. and Prof. Code §17200 et seq.**

35. Paragraphs 1-34 are incorporated by reference as though set forth in their entirety herein.

36. Defendants' activities complained of herein constitute unfair, deceptive and unlawful practices in violation of California Business and Professions Code §17200 *et seq.* to the injury of Plaintiff and the public.

37. The conduct of Defendants as alleged herein will, unless restrained, damage Plaintiff in an amount to be determined at trial and cause irreparable harm including the serious impairment of the value of Plaintiff's RISE Mark and ELEVATE Mark. Plaintiff is entitled to receive from Defendants any money Defendants have received or acquired as a result of their unfair competition.

38. Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff is entitled to an accounting of Defendants' profits as well as enhanced remedies as provided by law for Defendants' willful conduct.

## FIFTH CLAIM FOR RELIEF

## COMMON LAW UNFAIR COMPETITION

39. Plaintiff incorporates the allegations and averments of paragraphs 1 through 38 above, as though fully set forth herein.

40. Defendants' activities complained of herein constitutes unfair and unlawful

1  practices in violation of the common law of the State of California to the injury of Plaintiff and
2  the public.

3      41. The conduct of Defendants as alleged herein will, unless restrained, damage
4  Plaintiff in an amount to be determined at trial and will cause irreparable harm, including the
5  serious impairment of the value of Plaintiff's RISE Mark and ELEVATE Mark.

6      42. Plaintiff has been damaged in an amount to be proven at trial, and Plaintiff is
7  entitled to an accounting of Defendants' profits as well as enhanced remedies as provided by law
8  for Defendants' willful conduct.

9      43. By engaging in the conduct as herein above alleged, Defendants have acted
10 willfully, maliciously, oppressively and fraudulently, and Plaintiff is therefore entitled to punitive
11 damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

1. That Defendants, their agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and all others in active concert or participation with Defendants be permanently enjoined from using in any manner the infringing RISE Mark, or any other colorable imitation of Plaintiff's RISE Mark, or anything confusingly similar thereto or likely to cause injury to Plaintiff's business reputation, to identify Defendants' goods or services;

2. For a preliminary injunction under 15 U.S.C. §1116 and California Business and Professions Code §17203, enjoining and restraining Defendants and those acting at their discretion from using the infringing RISE Mark and ELEVATE Mark in any manner as described above, or any other mark that infringes Plaintiff's RISE Mark and ELEVATE Mark in any manner;

3. That Defendants, their agents, servants, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and all others in active concert or

Complaint; Demand For Jury Trial; Case No.

participation with Defendants, take affirmative steps to dispel such false impressions that heretofore have been created by Defendants' use of the infringing RISE Mark;

4. That Defendants account to Plaintiff for Defendants' profits arising from the foregoing acts of infringement, false advertising, false designation of origin, and unfair competition;

5. That Plaintiff have and recover its costs, including its reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §1117(a);

6. That Plaintiff be awarded punitive damages as authorized under California law in view of Defendants' intentional and willful infringement of Plaintiffs' RISE Mark and ELEVATE Mark; and

7. That Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: August 25, 2016

LAW OFFICES OF LAWRENCE G. TOWNSEND

By: _____
Lawrence G. Townsend
Attorneys for Plaintiff
RISE BASKETBALL SKILL DEVELOPMENT, LLC

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims as provided for in Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 25, 2016

LAW OFFICES OF LAWRENCE G. TOWNSEND

By: _____
Lawrence G. Townsend
Attorneys for Plaintiff
RISE BASKETBALL SKILL DEVELOPMENT, LLC

S:\LGT-TENA\RISE\Complaint.wpd

10

Complaint; Demand For Jury Trial; Case No.