UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RISE BASKETBALL SKILL
DEVELOPMENT, LLC,

Plaintiff,

v.

K MART CORPORATION, et al.,

Defendants.

Case No. 16-cv-04895-WHO

**ORDER DENYING MOTION TO DISMISS**

## INTRODUCTION

In this trademark case, plaintiff Rise Basketball Skill Development, LLC ("Rise Basketball") alleges that defendants Kmart Corporation, Sears Holdings Management Corporation, and Risewear, LLC (collectively "Risewear") infringe its "Winged Basketball Logo" with Risewear's "Rise" logo. Risewear has answered and brings several counter-claims because after Rise Basketball filed this suit, it created a new "RISE" logo intentionally designed to mimic Risewear's logo and to confuse consumers. Risewear brings claims for (1) common law unfair competition; (2) violation of California Business and Professions Code section 17200, California's unfair competition law; and (3) cancellation of Rise Basketball's registered trademarks.

Rise Basketball now moves to dismiss Risewear's common law unfair competition and § 17200 claims under Rule 12(b)(6). It argues that Risewear has failed to adequately plead "passing off" to state a common law unfair competition claim and has not adequately alleged injury to establish standing on its § 17200 claim. Those claims are plausibly stated and Rise Basketball's motion to dismiss is DENIED.

## BACKGROUND

In 2010, Gus Abellar began Rise Basketball Skill Development, a private basketball

training camp in Las Vegas, Nevada.  First Amended Counter Complaint ("FACC") ¶ 48 (Dkt. No. 48-1).  In late 2012 or early 2013, Abellar moved to the Bay Area and opened up another camp in San Leandro at which he offered one-on-one basketball training services to children aged five to nineteen.  *Id*. ¶ 48-9.  Children enrolled in the training program were given apparel displaying a "Winged Basketball Logo" featuring the word "Rise" above a basketball with large eagle-like wings.  *Id*. ¶ 49.



Rise Basketball also sold a limited amount of apparel displaying this logo at its San Leandro facility and on its website www.risebasketball.co.  *Id*. ¶ 50.

In Spring 2015, Risewear was founded as an athletic footwear brand.  *Id*. ¶ 57.  In 2016, Risewear entered into an agreement with Kmart Corporation in which it granted Kmart the exclusive right to sell Risewear shoes.  *Id*.  Risewear has a "Dunking Basketball Logo" featuring the word "RISE" with a dunking basketball player in place of the "I."  *Id.*



The remaining letters are expressed in capital, handwritten-calligraphy letters "R" "S" and "E." *Id.*  The entire logo, including the letters and the basketball player, is depicted in a saturated red color.  *Id.*  Risewear's "Dunking Basketball Logo" is on all Risewear-branded footwear and all brand marketing materials.  *Id.*

On August 9, 2016 Rise Basketball demanded that Risewear cease and desist the sale of Risewear shoes, alleging that Risewear's "Dunking Basketball Logo" infringes Rise Basketball's "Winged Basketball Logo."  *Id*. ¶ 58.  When Risewear did not acquiesce, Rise Basketball filed

suit, bringing claims for trademark infringement and unfair competition. *Id.*

In October, 2016, Abellar left San Leandro and moved back to Las Vegas. *Id.* ¶ 48. Risewear alleges that in March 2017, Rise Basketball shut down its training program and rebranded itself as an athletic apparel brand. *Id.* ¶ 60. It further alleges that Rise Basketball started marketing apparel on its website containing a new "RISE Logo" featuring the word "RISE" in red, capital, handwritten-calligraphy letters. *Id.*



Risewear asserts that Rise Basketball created the new "RISE Logo" to intentionally mimic Risewear's "Dunking Basketball Logo" and to capitalize on Risewear's success and customer goodwill. *Id.* ¶ 64. Based on these allegations it brings four claims for relief: (1) common law unfair competition ; (2) violation of California's Business and Professions Code § 17200; (3) cancellation of trademark registration number 4,765,328; and (4) cancellation of trademark registration number 4,594,702. *Id.* ¶ 63-89. Rise Basketball has filed a Motion to Dismiss the first two of Risewear's counterclaims for common law unfair competition and unfair competition under § 17200. *See* Motion to Dismiss ("Mot.") (Dkt. No. 51).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alterations omitted).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable

legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a complaint "need not contain detailed factual allegations" to survive a Rule 12(b)(6) motion, "it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In considering whether a claim satisfies this standard, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marines Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard where a complaint alleges fraud or mistake. Under FRCP 9(b), to state a claim for fraud, a party must plead with "particularity the circumstances constituting the fraud," and the allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009) (citation omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

In a motion to dismiss, the court must construe the plaintiff's allegations in a light that is most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless the complaint's deficiencies cannot be cured by amendment, leave to amend must be granted. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). If these deficiencies cannot be cured, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir.

1996).

**DISCUSSION**

## I.  RISEWEAR'S COUNTERCLAIM FOR COMMON LAW UNFAIR COMPETITION

Risewear alleges that Rise Basketball created, and is using, its new "RISE Logo" in an attempt to foment confusion and take advantage of Risewear's customer goodwill.  FACC ¶ 64.  It asserts that this conduct violates California's common law against unfair competition.  *Id.*  Rise Basketball moves to dismiss Risewear's common law unfair competition claim, arguing that to sustain an unfair competition claim, Risewear must allege that Rise Basketball "pass[ed] off" its goods as Risewear's but has not done so.  Mot. at 5.  It further asserts that because a common law unfair competition claim sounds in fraud, Risewear must meet Rule 9(b)'s standard for pleading fraud with particularity.  *Id.* at 5-6.  Risewear responds that California common law unfair competition claims are not limited to "passing off" and that it need not specifically allege passing off to state a claim for common law unfair competition.  Opposition ("Oppo.") at 7 (Dkt. No. 54).

Although the California tort of common law unfair competition claim is "generally thought to be synonymous with the act of 'passing off' one's goods as those of another," *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1263 (1992), "[t]here is no complete list of activities which constitute unfair competition."  *See Ojala v. Bohlin*, 178 Cal. App. 2d 292, 301 (Ct. App. 1960).  California courts have allowed common law unfair competition law claims to proceed where there were no allegations of "passing off."  *See Ojala*, 178 Cal. App. 2d at 301 (claim that manufacturer had misappropriated plaintiffs' designs and manufactured a competing product was valid unfair competition claim); *A&M Records, Inc. v. Heilman*, 75 Cal. App. 3d 554, 564 (1977) (claim that defendant had counterfeited copies of a copyrighted work was valid unfair competition claim).  Nevertheless, the boundaries of "unfair competition" claims are not unlimited and the Ninth Circuit has held that a plaintiff fails to state a claim for common law unfair competition where it does not allege that the defendant "passed of their goods" or attempted to "exploit trade names or trademarks."  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008).

Risewear alleges that Rise Basketball has intentionally copied or mimicked its "Dunking

5

Basketball Logo" in an attempt to confuse consumers and capitalize on Risewear's goodwill and brand success. This is functionally a claim that Rise Basketball has attempted to exploit Risewear's common law trademark in its "Dunking Basketball Logo." The Ninth Circuit has held that a common law unfair competition claim for trademark exploitation is analogous to a Lanham Act claim and may be analyzed under the same standard. *See Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994).

To state a claim under the Lanham Act, a plaintiff must allege "(1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006). A common law unfair competition claim differs from a Lanham Act claim in that California's common law unfair competition tort provides a remedy for "wrongful exploitation of trade names and common law trademarks that [are] not otherwise entitled to legal protection" and is therefore broader in scope. *Sybersound Records*, 517 F.3d at 1153. Although "Lanham Act claims are not categorically subject to the heightened pleading requirements of 9(b)," Lanham Act claims alleging "knowing" or "intentional conduct" sound in fraud and are subject to heightened pleading. *Brosnan v. Tradeline Solutions, Inc.*, No. C-08-0694-JSC, 2009 WL 1604572, at *5 (N.D. Cal. Jun. 5, 2009).

Risewear has claimed that its "Dunking Basketball Logo" is a distinctive mark that distinguishes its products from those of competitors. FAAC ¶ 56. While it is not clear from Risewear's allegations that the "Dunking Basketball Logo" would constitute a valid mark under the Lanham Act, California's unfair competition tort applies to the exploitation of trade names and trademarks that may not otherwise be entitled to legal protection. *See Sybersound Records*, 517 F.3d at 1153. Given this flexibility, Risewear has adequately pleaded a protectable interest in the "Dunking Basketball Logo" for the purposes of its unfair competition claim.

Risewear must also allege that Rise Basketball's new "RISE" logo is likely to cause consumer confusion. The Ninth Circuit has laid out eight factors to consider in assessing whether a mark is likely to cause confusion: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of

United States District Court
Northern District of California

goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-349 (9th Cir. 1979).

Risewear has adequately alleged likelihood of consumer confusion. It has included in its counter-complaint a picture of the new "RISE Logo" which shares many objective similarities with Risewear's "Dunking Basketball Logo." FACC ¶ 60. Rise Basketball's new logo consists of four saturated red, capitalized, handwritten-calligraphy letters spelling "R" "I" "S" "E." *Id.* The key difference between Risewear's "Dunking Basketball Logo" and Rise Basketball's "RISE Logo" is that the new Rise Basketball logo does not use an image of a basketball player in place of the letter "I." Nevertheless, as a whole, the two logos have many similarities.

In addition to alleging similarity between the marks, Risewear has alleged that Rise Basketball, which used to be primarily a basketball training company, has changed its business model and is now exclusively selling athletic apparel. *Id.* The companies sell similar products, with Risewear selling basketball shoes and Rise Basketball selling basketball apparel. *Id.* A photo from Rise Basketball's online store shows that Rise Basketball is currently selling a t-shirt that prominently displays the "RISE Logo" on the front and on one sleeve. *Id.* Also, Risewear has alleged that Rise Basketball intentionally selected its new "RISE Logo" in an attempt to foment confusion with Risewear's "Dunking Basketball Logo." *Id.* This allegation is supported by the fact that Rise Basketball only adopted the "RISE Logo" after suing Risewear for trademark infringement on its similar "Dunking Basketball Logo." Given this timing, Rise Basketball must have been aware of the "Dunking Basketball Logo" at the time it created the "RISE Logo." Given the objective similarities between the logos, it is reasonable to infer that Rise Basketball consciously and intentionally copied the "Dunking Basketball Logo."

Risewear has adequately alleged that its "Dunking Basketball Logo" is distinctive, that the "RISE Logo" is objectively very similar to the "Dunking Basketball Logo, that the two logos are used on similar types of products in the basketball apparel market, and that Rise Basketball intentionally copied the "Dunking Basketball Logo" in creating its "RISE Logo." It has adequately alleged a likelihood of customer confusion under the Lanham Act standard.

Risewear's allegations meet the heightened pleading standard of Rule 9(b). It has pleaded the who, what, where, when, and how of its unfair competition claim as it has alleged that after filing its suit against Risewear, Rise Basketball intentionally created a new logo to mimic Risewear's "Dunking Basketball Logo" in an attempt to confuse customers and capitalize on Risewear's customer goodwill. It has laid out a particular timeline of Rise Basketball's alleged misconduct, and has specified the exact conduct it alleges to be improper. This is more than enough to alert Rise Basketball as to the particular allegations against it and to prepare an adequate defense.

Risewear has adequately alleged a protected mark. It has further alleged that Rise Basketball's new mark is likely to create confusion among customers. And, its allegations satisfy the pleading requirements of Rule 9(b). Risewear has plausibly stated a claim of common law unfair competition.

## II.     RISEWEAR'S COUNTERCLAIM UNDER SECTION 17200

Risewear brings a claim for unfair competition under California's Business and Professions Code § 17200 which provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Only a person who "has suffered injury in fact and has lost money or property" as a result of unfair competition has standing to bring a § 17200 claim. Cal. Bus. Prof. Code § 17204.

Rise Basketball moves to dismiss this claim, asserting that Risewear has failed to adequately allege an injury in fact. Mot. at 8. Risewear asserts that it has met this burden because it has alleged that Rise Basketball is conducting itself in a way that "will cause injury to the property interest of [Risewear]" if Rise Basketball is allowed to continue. Oppo. at 8.

Risewear has adequately alleged an injury to satisfy the requirements of § 17200. It alleges that it has a distinctive logo and has built substantial goodwill in its brand. It alleges that Rise Basketball's new "RISE Logo" is designed to mimic Risewear's "Dunking Basketball Logo" and to create confusion among customers. It has adequately alleged a likelihood of customer confusion between the logos given the similarities between the marks and that both companies sell basketball apparel. These allegations are sufficient to allege injury to Risewear's logo, its brand

8

strength, and its customer goodwill.

Devaluation of a business's intellectual property or intangible business assets is sufficient to meet the injury requirements under § 17200. *See Am. Soc'y of Anesthesiologists v. BevMD, LLC*, No. 15-cv-600, 2016 WL 4257448, at *5 (S.D. Cal. Mar. 31, 2016) ("Courts have found the diminution to a trademark's value to be a valid economic injury under the UCL"); *Overtock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal.App.4th 688, 716 (2007) ("[D]iminution in value of [a plaintiff's] assets and decline in its market capitalization and other vested interests" is sufficient to meet the UCL injury requirement.). The California Supreme Court has recognized that customer goodwill, or "the probability that the old customers will resort to the old place" and "the probability that the business will continue in the future as in the past," is a real and protectable property interest. *Bell v. Ellis*, 33 Cal. 620, 624 (1867). Risewear has alleged that Rise Basketball's "RISE Logo" is likely to confuse customers and weakens the value of Risewear's "Dunking Basketball Logo." By creating customer confusion, the logo will also harm Risewear's customer goodwill and brand strength. Risewear has met § 17200's injury requirement.

Rise Basketball also contends that Risewear's § 17200 claim fails because it does not "rest on a violation of another law." Mot. at 8. But Risewear's claim rests on the common law tort of unfair competition and is actionable under § 17200. *See CRST Van Expedited, Inc. v. Werner Entm't, Inc.*, 479 F.3d 1099, 1109 (9th Cir. 2007) (An act is "independently wrongful" and actionable under the UCL "if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."). It is adequately pleaded.

## CONCLUSION

For the reasons outlined above, Rise Basketball's motion to dismiss Risewear's counter-claims in part is DENIED.

**IT IS SO ORDERED.**

Dated: June 27, 2017

William H. Orrick
United States District Judge